This is on a bill to foreclose five mortgages on properties in the borough of Ramsey. The defendant Bens was developing a tract of land part of which is covered by these mortgages and was building ten houses. On each of five of these he secured separate mortgages from the complainant and these are the mortgages in question. The defendant F.H. *Page 327 
Storms Company filed mechanics' liens on each of the premises covered by the five mortgages, which were foreclosed in this proceeding. The properties did not bring sufficient to pay both the sum of the mortgages and the liens. The question here is as to whether the mortgages or the liens have priority so as to be first payable out of the fund provided by the sale.
If the liens be valid the mortgages, which were construction mortgages calling for advances from time to time, would be superior to the liens only in case the money advanced under the mortgages was actually expended on the respective properties. Advances were made by the mortgagors from time to time aggregating some $28,000, being the full amount arranged for on three of the mortgages and the bulk of such amount on the other two. At most only about $5,000 of the total sum advanced was paid direct to anybody who furnished labor or materials on any of the buildings. The rest of the $28,000 was paid by check to the order of the defendant Bens. He testified that all the money received from the mortgagee went into the buildings. The only testimony as to the disposition of this balance is this general statement of the defendant Seton C. Bens. No specifically detailed statement was presented tracing into these buildings any specific items constituting this balance. It further appeared that Bens was engaged in development operations on the rest of the land constituting the tract of which the present mortgaged premises are a part. Bens testified that he received $57,000 or $58,000 from complainant and that he spent close to $83,000. It would seem that he received moneys from complainant other than that covered by the mortgages in question, and it would seem that probably all the moneys received from complainant from whatever source were used indiscriminately on the entire ten building operations he was conducting. In the absence of any more definite evidence tracing the advances on the mortgages into the premises in question, I do not consider that the complainant has shown competent proof that the advances on the mortgages went into the properties.
It is the rule in this state that when a mortgagee claims *Page 328 
priority because his mortgage was recorded before any lien claim was filed, he must show that the money was actually applied on the premises. Porch v. Agnew Co., 70 N.J. Eq. 328; ImprovedBuilding and Loan Association v. Larkin, 88 N.J. Eq. 52;Fischgrund v. Eriksen Real Estate Co., 105 N.J. Eq. 345.
These cases hold that under circumstances such as the present the burden rests with the mortgagee to establish by clear, certain and convincing evidence that the mortgage money was actually used in the erection of the building. This in my opinion the complainant has failed to do.
If, however, the liens of the defendant Storms Company are defective or the lienor fails to prove the necessary facts to establish the validity of the lien, the complainant is still entitled to the entire proceeds of the sale.
Complainant attacks the validity of the lien on the ground that the Storms Company did not properly apportion the lien claim among the five parcels as is required by section 22 of the Mechanics' Lien law. In my opinion, defendant Storms Company has met the requirements of this section.
The buildings constructed on each of the five plots were similar, but as the testimony shows there were variations in the amount of the plastering and foundation work which accounted for the different amounts claimed under the various liens.
A decree will be advised giving priority to the lien claims of the defendant F.H. Storms Company.